**No. 44066.**—Petition 5720–R of J. A. Forrest Co. (Pembina).

DALLINGER, Judge: This petition was filed under section 489 of the Tariff Act of 1930 for remission of additional duties imposed by the collector of customs at the port of Noyes, Minn., on a particular importation of ground grain screenings imported from Fort William, Ontario, and entered at said port of Noyes at less than the final appraised value.

At the hearing held at Minneapolis on February 21, 1940, the petitioner offered in evidence the testimony of two witnesses. The first, J. A. Forrest, Jr., testified that he had charge of all importations made by his company; that the merchandise at bar was entered at the port of Noyes, Minn., by the petitioner's broker,. W.F. Mackay, on July 12, 1936, the entered value being based on the commercial invoice accompanying the merchandise; that said Mackay did not receive the consular invoice until July 18, 1936; that said screenings were invoiced and entered at $5.75 per ton, and were appraised as entered on July 14, 1936; that upon receiving the consular invoice which showed a home market value and an export value on the date of shipment of $15 per ton, the witness endeavored to amend the entry in accordance with the information contained in said consular invoice, but inasmuch as appraisement had already been made he was not permitted to amend said entry; that the reason for the sudden advance in the price of screenings in Canada was due to a drought; that in August, 1936, the witness addressed a letter to the deputy collector of customs at Noyes, Minn., informing him that the correct value of the said screenings was $15, as a result of which the collector

appealed to reappraisement and on the basis of the witness's testimony and his said letter this court found $15 per ton to be the correct value of said screenings; and that he did not intend to deprive the United States of any revenue to which it was entitled.

The second witness, William Fraser Mackay, testified that he had been a customs broker for about 40 years; that he made the entry herein from the information contained in the *pro forma* invoice; that upon the receipt of the consular invoice the witness tried to amend the entry, but inasmuch as appraisement had been made he was not permitted to make the amendment; that as soon as the witness received the consular invoice he communicated the correct value to the collector, whereupon the latter based his appeal to reappraisement upon such value; and that in making the said entry he never intended to defraud the revenues of the United States or to deceive the appraiser.

On cross-examination the witness testified that before making the entry herein he conferred with the appraiser at the port of Noyes who thought, from the information he (the appraiser) had received, that the entered value was too high.

At the close of the cross-examination counsel for the petitioner offered in evidence a carbon copy of a letter written by the said witness, Mackay, to the petitioner, dated July 20, 1936, and admitted in evidence herein as Exhibit 1, which reads as follows:

J. A. Forrest Company,
 Minneapolis, Minn.
Gentlemen:
Referring to Entry No. 58–A, of July 12th, covering car 212526, screenings, which was entered at a value of $5.75 per ton in accordance with the pro-forma invoice received with the shipment.

The consular invoice received on July 18th, gives a value of $15.00 per ton and we offered an amended entry today but it could not be accepted for the reason that the entry had been sent into the head office, and we offered to pay supplemental duty on the basis of $15.00 per ton but that also could not be accepted.

The entered value had been accepted by the appraiser as all right and the customs are of the opinion that that value is really higher than the correct market value as shown by information that they receive from other sources, and they do not understand why you insist on entering screenings at a value of $15.00 per ton.

 Yours very truly,
WFM/W W. F. Mackay

At the close of the testimony, Mr. Welsh, counsel for the Government made the following statement:

Customs agent Nelson investigated this case, and he made a report; and I cite to your Honor that it is Mr. Nelson's recommendation that the petition received favorable consideration.

On the record we are satisfied as to the good faith of the petitioner, and that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.